| United States District Court | Southern District of Texas |
|---|---|

In re: §
§
Pamela Page Nowlin, § Civil Action H-07-2446
§ Bankruptcy 06-34785
Debtor. §

# Opinion

*1. Introduction.*

Pamela Nowlin proposed a sixty-month payment plan for her bankruptcy. In it, she deducts from the money available for her creditors a repayment of the money she borrowed from her savings in a 401(k) fund. The loan from the fund would be fully paid in the twenty-fourth month of the plan. Nowlin insists that, after repayment of her savings, the money that is no longer needed to repay herself becomes part of her freely disposable income.

The trustee contends that at the end of the protected self-repayment, this money should be used to pay the plan's other debts and refused to support confirmation. The trustee was right, and the bankruptcy court denied confirmation. Its denial will be affirmed.

*2. Background.*

Nowlin filed a bankruptcy petition under Chapter 13. Her Schedule I proposes to deduct $1,062.51 for her contribution to her savings fund under 401(k). Nowlin swore that she would be contributing the maximum allowed by her employer's 401(k) plan – $15,000. She also deducted $1,134.79 to repay the money she borrowed from her plan. By Schedule J, her monthly net income after these and other expenses would be $195.64. Nowlin amended her plan to reflect an increase in the amount due to the Internal Revenue Service.

Her proposal would repay her unsecured creditors a total of $980.45 over sixty months, representing a three-percent dividend.

The trustee opposed confirmation because Nowlin would not have been dedicating all disposable income to the plan. *See* 11 U.S.C. § 1325(b)(1)(B).

*3. Application.*

Although the Bankruptcy Act defines "disposable income" without mentioning projections, the income and expenses used to devise a plan are obviously based on current data

but must refer to the future, making them estimates – projections. The role of the plan is to allow the debtor to continue living and working while paying her rescheduled obligations to others.

When an allowed deduction for her current consumption no longer exists, the amount that had been applied to that expense shifts to pay the people she owes. The end of an allowed deduction for the debtor's subsistence does not free that money for discretionary application to her current lifestyle. It goes to repay her past consumption on credit.

Debtors must use projected disposable income that includes expected changes to the allowed expenses during the term of the plan. If a home mortgage were to be paid in full in the fifth month of a sixty-month plan, the debtor would not have the amount that had been the mortgage installment for current consumption.

Congress has enacted a policy that treats self-repayment to exempt savings funds as a current necessity that precedes paying creditors. While that creates a perverse incentive to consume savings, it does not compel the debtor's extension of that generosity with other people's money that the repayment installment is forever hers – free of her other existing obligations.

4. *Conclusion.*

Nowlin has not included all reasonably expected, disposable income in her proposed plan. The bankruptcy court's denial of confirmation is affirmed.

Signed on December 28, 2007, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge